| Attorney or Party Name, Address, Telephone & FAX Nos.,State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **William G. Cort**<br>**9040 Telegraph Rd., Suite 206**<br>**Downey, CA 90240**<br>**(562)923-6761 Fax: (562)869-1200**<br>**SBN: 50326**<br>**williamgcortdocuments@gmail.com** | |

☐ *Individual appearing without attorney*
☑ *Attorney for:* **Debtor**

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

       **Jenny Lopez Quiroz**

CASE NO: **8:16-bk-10535-MW**

CHAPTER   **13**

### NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE

### (with supporting declarations)

DATE:   **March 7, 2016**
TIME:   **9:00 AM**
COURTROOM: **6C**
PLACE: **411 West Fourth Street, Santa Ana, CA 92701**

                    Debtor(s).

**Movant:** _Jenny Lopez Quiroz_____

1. NOTICE IS HEREBY GIVEN to **Ocwen Loan Servicing** (Secured Creditor/Lessor), trustee (if any), and affected creditors (Responding Parties), their attorneys (if any), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an order imposing a stay or continuing the automatic stay as to certain creditors and actions described in the motion on the grounds set forth in the attached motion.

2. **Hearing Location:**

    ☐ **255 East Temple Street, Los Angeles, CA 90012**     ☑ **411 West Fourth Street, Santa Ana, CA 92701**
    ☐ **21041 Burbank Boulevard, Woodland Hills, CA 91367**   ☐ **1415 State Street, Santa Barbara, CA 93101**
    ☐ **3420 Twelfth Street, Riverside, CA 92501**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*          Page 1          **F 4001-1.IMPOSE.STAY.MOTION**

3. a. ☑ This Motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this motion.

   b. ☐ This motion is being heard on SHORTENED NOTICE. If you wish to oppose this motion, you must appear at the hearing. Any written response or evidence must be filed and served: ☐ at the hearing ☐ at least ___ days before the hearing.

      (1) ☐ An Application for Order Setting Hearing on Shortened Notice was not required (according to the calendaring procedures of the assigned judge).

      (2) ☐ An Application for Order Setting Hearing on Shortened Notice was filed per LBR 9075-1(b) and was granted by the court and such motion and order has been or is being served upon the appropriate creditor(s) and trustee, if any.

      (3) ☐ An Application for Order Setting Hearing on Shortened Notice has been filed and remains pending. Once the court has ruled on that motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

4. You may contact the Clerk's Office or use the court's website (www.cacb.uscourts.gov) to obtain a copy of an approved court form for use in preparing your response (optional court form F 4001-1.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

5. If you fail to file a written response to the motion or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Date:   **February 12, 2016**                              **Law Office of William G. Cort**
                                                           Printed name of law firm (if applicable)

                                                           **William G. Cort**
                                                           Printed name of individual Movant or attorney for Movant

                                                           Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 2                **F 4001-1.IMPOSE.STAY.MOTION**

# MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE

**Movant:** __Jenny Lopez Quiroz____

1. **The Property or Debt at Issue:**

   a. ☑ Movant moves for an order imposing a stay with respect to the following property (Property):

   ☐ Vehicle *(describe year, manufacturer, type, and model)*:
   Vehicle Identification Number:
   Location of vehicle *(if known)*:

   ☐ Equipment *(describe manufacturer, type, and characteristics)*:
   Serial number(s):

   Location *(if known)*:

   ☐ Other Personal Property *(describe type, identifying information, and location)*:

   ☑ Real Property
   Street Address: **19431 Worchester Lane**
   Apt./Suite No.:
   City, State, Zip Code: **Huntington Beach, CA 92646**
   Legal description or document recording number(include county of recording):
   **APN: 153-034-18; County of Orange, State of California;N- Tract: 6239 Block: Lot: 65**

   ☐ See attached continuation page

   The following creditor(s) have a security interest or unexpired lease in this Property (give full name and address of creditor) _Ocwen Loan Servicing_ to secure the sum of approximately $ _792,032.07_ now owed. (Secured Creditor/Lessor). Additional creditors who are the subject of this motion, and their respective claims, addresses and collateral, are described on the continuation sheets attached. *(Attach additional sheets as necessary)*

   b. ☐ Movant moves for an order **imposing a stay** with respect to *any and all actions* against the Debtor and the estate taken concerning the debt/lease owed to the *Secured Creditors/Lessors* as described in this motion; and/or

   c. ☐ Movant moves for an order **imposing a stay** as to *all creditors.*

   d. ☑ Movant moves for an order **continuing the automatic stay** with respect to any and all actions against the Debtor and the estate taken concerning the debt/lease owed to the *Secured Creditor/Lessor,* and/or

   e. ☑ Movant moves for an order **continuing the automatic stay** as to *all creditors.*

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                Page 3                **F 4001-1.IMPOSE.STAY.MOTION**

2. **Case History:**
   a. ☑ A voluntary ☐ An involuntary petition concerning an individual[s] under chapter ☐ 7 ☐ 11 ☐ 12
      ☑ 13 was filed concerning the present case on *(specify date):* **2/10/2016**

   b. ☐ An Order of Conversion to Chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on *(specify date):*

   c. ☐ Plan was confirmed on *(specify date):*

   d. ☑ Other bankruptcy cases filed by or against this Debtor have been pending within the past year preceding the petition date in this case. These cases and the reasons for dismissal are:

      1. Case name: Jenny Lopez Quiroz
         Case number: **8:16-bk-10112-MW**          Chapter: **13**
         Date Filed: **January 11, 2016**           Date dismissed: **January 29, 2016**
         Relief from stay re this Property    ☐ was    ☑ was not granted
         Reason for dismissal: **Dismissed for Failure to File Information**

      2. Case name:
         Case number:                          Chapter:
         Date Filed:                           Date dismissed:
         Relief from stay re this Property    ☐ was    ☐ was not granted
         Reason for dismissal:
         ☐ See attached continuation page

   e. ☑ As of the date of this motion the Debtor ☐ has ☑ has not filed a statement of intentions regarding this Property as required under 11 U.S.C. §521(a)(2). If a statement of intentions has been filed, Debtor ☐ has ☐ has not performed as promised therein.

   f. ☑ The first date set for the meeting of creditors under 11 U.S.C §341(a) is/was ___ and the court ☐ has ☑ has not fixed a later date for performance by Debtor of the obligations described at 11 U.S.C.§521(a)(2). The extended date *(if applicable)* is **3/23/2016**.

   g. ☐ In a previous case(s), as of the date of dismissal there was:
      ☐ an action by the Secured Creditor/Lessor under 11 U.S.C. §362(d) still pending or
      ☐ such action had been resolved by an order terminating, conditioning or limiting the stay as to such creditor.

3. The equity in the property is calculated as follows:

   a) 1. Property description/value: **19431 Worchester Lane, Huntington Beach, CA 92646** $ **836,319.00**
      2. Creditor/Lien amount: **Ocwen Loan Servicing** $ **792,032.07**
      3. Creditor/Lien amount:___ $___
      4. Creditor/Lien amount:___ $___
      5. Creditor/Lien amount:___ $___
      6. Total Liens $ **792,032.07**
      7. Debtor's Homestead Exemption $ **44,286.93**
      8. Equity in the Property (subtract lines 6 and 7 from line 1 and enter here) $ **0.00**

   b) 1. Property description/value:___ $___
      2. Creditor/Lien amount:___ $___
      3. Creditor/Lien amount:___ $___
      4. Creditor/Lien amount:___ $___
      5. Creditor/Lien amount: $___
      6. Total Liens $___
      7. Debtor's Homestead Exemption $___
      8. Equity in the Property (subtract lines 6 and 7 from line 1 and enter here) $___

   ☐ See attached continuation page

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                    Page 4          **F 4001-1.IMPOSE.STAY.MOTION**

4. **Grounds for Continuing the Stay:**

a. ☑ Pursuant to 11 U.S.C. § 362(c)(3) the stay should be continued on the following grounds:

1. ☑ The present case was filed in good faith notwithstanding that a prior single or joint case filed by or against the individual Debtor which was pending within the year preceding the petition date was dismissed, because:

   A. ☐ The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C.§707(b);

   B. ☑ Good faith is shown because
   **Debtor retained the legal services of William G. Cort on 1/03/2016, to act as bankruptcy counsel in a voluntary Chapter 13 bankruptcy proceeding. Debtor paid the initial attorney's fee of $2,309.00 and stressed the urgency of her case. The Debtor was facing at the time, a foreclosure sale on her primary residence, her real property located at: 19431 Worchester Lane, Huntington Beach, CA 92646 "Primary Residence."**

   **On 1/11/2016 Debtor arrived at her attorney's office to complete the bankruptcy petition, Debtor did not have all needed documentation to properly draft a full petition much less calculate a proposed plan payment. Debtor had to consult with her tax preparer/accountant to help determine the average monthly income and the necessary/ordinary expenses for Debtor's dba Pete's Mexican Food restaurant business and her self employment as a bookkeeper. Due to the urgency of the case, Debtor's case was filed as an emergency filing on 1/11/2016 with the deficiencies due within 14 days, the deficiency deadline was set for 1/25/2016. Unfortunately, Debtor through her attorney did not meet the deadline and filed the remaining documents on 1/26/2016, one day late. The Debtor, through her attorney, did not file the electronic filing declaration after filing the remaining schedules/deficiencies, which caused the dismissal and the order for failure to file remaining schedules to be filed and entered on 1/29/2016.**

   **Debtor was informed of the dismissal and once again the stress and worries of losing her only home weighed heavily on her. Due to the prior events and the urgent circumstance the Debtor re-field. Debtor's "Second Filing" was filed on 2/10/2016 in the Central District of CA, Santa Ana Divison, Case no 16-10535-WM. Debtor filed a full petition with a plan that proposes to pay all general unsecured creditors alongside with secured and priority debts.**

   ☐ See attached continuation page

2. ☑ The Property is of consequential value or benefit to the estate because:

   A. ☑ The fair market value of the Property is greater than all liens on the Property as shown above in paragraph 3 and as supported by declarations attached *(describe separately as to each property);.*

   B. ☑ The Property is necessary to a reorganization for the following reasons: __Debtor proposes to pay all pre-petition mortgage arrears through the Chapter 13 plan and keep current with mortgage payments post-petition.__

   ☐ See attached continuation page

   C. ☑ The Secured Creditor/Lessor's interest can be adequately protected by (describe Movant's proposal for adequate protection:) __Debtor will file monthly declaration with Court detailing information on monthly tendered mortgage payments.__

   ☐ See attached continuation page

3. ☑ The presumption of a bad faith filing under 11 U.S.C.§362(c)(3)(C)(i) is overcome in this case as to *all creditors* because:

   A. ☐ The prior dismissal was pursuant to the creation of a debt repayment plan. 11 U.S.C.§362(i);

   B. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting in dismissal was excusable because such failure was caused by the negligence of Debtor's attorney;

   C. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of e United States Code and resulting dismissal was excusable because ___

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 5                    **F 4001-1.IMPOSE.STAY.MOTION**

D. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because ___

    ☐ See attached continuation  page

E. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because ___

    ☐ See attached continuation page

F. ☐ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows: ___

From this, the court may conclude that this case, if a case under chapter 7, will result in a discharge or, if under chapter 11 or 13, in a confirmed plan that will be fully performed.

    ☐ See attached continuation page

G. ☑ For the following additional reasons  **Debtor, through her attorney, did not file all required documents within the required time frame, which caused the dismissal for failure to file documents. Debtor has filed her second filing to account for all debts she owes in her proposed plan. Debtor has now re-filed and will comply with all requirements timely.**

    ☐ See attached continuation page

4. ☑ The presumption of a bad faith filing as to the Secured Creditor/Lessor under 11 U.S.C.§362(c)(3)(C)(ii) is overcome in this case because  **Debtor intends to repay all priority, unsecured and secured debts.**

    ☐ See attached continuation page

5. **Grounds for Imposing a Stay:**
   a. ☐ Pursuant to 11 U.S.C.§362(c)(4) this case was filed in good faith and grounds exist for imposing a stay as follows:
      1. ☐ The Property is of consequential value or benefit to the estate because the fair market value of the Property is    greater than all liens on the property as shown above in paragraph 3 and as supported by declarations attached.

      2. ☐ The Property is of consequential value or benefit to the estate because the Property is necessary to a reorganization for the following reasons: ___.

    ☐ See attached continuation page

   3. ☐ The Secured Creditor/Lessor's interest can be adequately protected by *(describe Movant's proposal for adequate protection)*: ___

    ☐ See attached continuation page

   b. ☐ The present case was filed in good faith notwithstanding that the prior single or joint cases filed by or against the individual Debtor pending within the year preceding the petition date were dismissed, because:

      1. ☐ The prior  dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C.§707(b);

      2. ☐ Good faith is shown because ___

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                   Page 6         **F 4001-1.IMPOSE.STAY.MOTION**

☐ See attached continuation page

c. ☐ The presumption of a bad faith filing under 11 U.S.C.§362(c)(4)(D)(i) is overcome in this case as to *all creditors* because:

1. ☐ Debtor had a substantial excuse in failing to file or amend the petition or other documents as required by the court or Title 11 of the United States Code, resulting in the prior dismissal(s) as follows: ___

☐ See attached continuation page

2. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was as the result of the negligence of Debtor's attorney;

3. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because ___

☐ See attached continuation page

4. ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because ___

☐ See attached continuation page

5. ☐ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows: ___

(from which the Court may conclude that this case, if a case under chapter 7, may be concluded with a discharge or, if under chapter 11 or 13, with a confirmed plan that will be fully performed).

☐ See attached continuation page

6. ☐ For the following additional reasons ___

☐ See attached continuation page

7. ☐ The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C.§362(c)(4)(D)(ii) is overcome in this case because ___

☐ See attached continuation page

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                     Page 7                    **F 4001-1.IMPOSE.STAY.MOTION**

6. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto).*

   a. ☐ Movant submits the attached Declaration(s) on the court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to LBRs.
   b. ☑ Other Declaration(s) are also attached in support of this Motion
   c. ☑ Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's(s') Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit **2** .
   d. ☑ Other evidence *(specify):* **Recorded Notice of Trustee Sale, Ex 1.**

7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**


**WHEREFORE, Movant prays that this Court issue an Order Imposing a Stay and granting the following *(specify forms of relief requested):***

1. ☑ That the Automatic Stay be continued in effect as to all creditors until further order of the court.

2. ☑ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

3. ☑ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

4. ☐ That a Stay be imposed as to all creditors until further order of the court..

5. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

6. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

7. ☐ For adequate protection of the Secured Creditor/Lessor by *(specify proposed adequate protection)* ___

8. ☐ For other relief requested, see attached continuation page.


Date: **February 12, 2016**

Respectfully submitted,
**Jenny Lopez Quiroz**
Movant Name
**Law Office of William G. Cort**
Firm Name of attorney for Movant (if applicable)

Signature
**William G. Cort**
Printed Name of Individual Movant or Attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 8          **F 4001-1.IMPOSE.STAY.MOTION**

## DECLARATION OF MOVANT

I __William G. Cort__ , am the __Attorney__ of Movant. I have read the foregoing motion consisting of 10 pages, and the attached materials incorporated therein by reference.  If reference is made to balances owing, my testimony regarding same is based upon the business records of Movant kept in the ordinary course of business of Movant by persons whose responsibility it is to accurately and faithfully record information as to the Debtor's account on or near the date of events recorded.  I am one of the custodians of such business records.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 12, 2016 | William G. Cort | |
|---|---|---|
| Date | Printed name of declarant | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                              Page 9                        F 4001-1.IMPOSE.STAY.MOTION

DECLARATION OF DEBTOR

I, Jenny Lopez Quiroz, declare and state as follows and if called as a witness I could and would competently testify to the following facts that are within my own knowledge.

1. I am the Debtor to the instant bankruptcy case number 8:16-bk-10535-MW, filed on 2/10/2016, in the Central District of California, Santa Ana Division.

2. I had one prior chapter 13 bankruptcy filing within the same calendar year, as follows:

   a. I sought to retain an attorney to assist me with my situation; I am delinquent with my mortgage payments and owe monies to credit cards and medical bills. Being delinquent with my mortgage caused the mortgage company to record a Notice of Trustee Sale with the Orange County Record's Office. See Exhibit 1.

   b. I retained the Law Office Of William Cort to act as counsel for me in a bankruptcy case. Due to my urgency I was unable to gather all my income and expense documentation needed to file a complete bankruptcy.

   c. My bankruptcy was filed as an emergency on 1/11/2016, in the Central District of California, Santa Ana Division, case no.: 8:16-bk-10112-MW "First Filing." The attorney and I were against time to get the remaining bankruptcy schedules filed; our deadline was set for 1/25/2016.

   d. My attorney filed the remaining schedules one day late on 1/26/2016 but erroneously did not file the declaration of electronic signature, that lead to my bankruptcy dismissal ordered and entered on 1/29/2016.

3. After receiving notification and knowing my only home is subject to a foreclosure sale once again; the attorney filed my case again, making this my "Second Filing."

4. I filed my second filing on 2/10/2016 in the Central District of California, Santa Ana Division, given case no 8:16-bk-10535-MW. My second filing is a complete filing with the proposed plan. My plan proposes to pay out to all secured,

unsecured and priority creditors, attached hereto as Exhibit 2 are a true and correct copy of my filed plan.

5. My home is necessary for this reorganization as I am proposing to pay through the plan my mortgage arrears. If I were to lose my home I will have nowhere to live with my family. I would face irreparable and the burden of finding a new home.

6. My home is located at: 19431 Worchester Lane Huntington Beach, CA 92646, it is worth approximately $ 836,319.00 and is encumbered by one line held in favor of Ocwen Loan Servicing in the amount of $792,032.07. Leaving me with an equity of approximately $44,286.93.

7. I hereby submit this declaration in hopes that this Honorable Court grant my Motion to Continue the Automatic Stay so my family and I can have the benefit of the automatic stay and continue to live united and help save our only home.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on 2/12/2016, in Downey, California 90240.

By: /s/ Jenny Lopez Quiroz_____
Jenny Lopez Quiroz, Debtor

2

# EXHIBIT "1"

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ 15.00
*$R00074410G2$*
2015000189247 9:02 am 04/14/15
93 405 N34 F13    3
0.00 0.00 0.00 0.00 6.00 0.00 0.00 0.00

RECORDING REQUESTED BY
**Western Progressive, LLC**

AND WHEN RECORDED MAIL TO:
**Western Progressive, LLC**
**Northpark Town Center**
**1000 Abernathy Rd NE; Bldg 400, Suite 200**
**Atlanta, GA 30328**

---

T.S. No.: **2014-03959-CA**    Loan No.: **7471574582**    A.P.N.:**153-034-18**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF TRUSTEE'S SALE

**PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**IMPORTANT NOTICE TO PROPERTY OWNER:**
YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 11/14/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

Trustor: **JENNY LOPEZ, A MARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY**
Duly Appointed Trustee: **Western Progressive, LLC**
Recorded **11/17/2006** as Instrument No. **2006000781439** in book ---, page--- and of Official Records in the office of the Recorder of Orange County, California,
Date of Sale: **05/20/2015** at **03:00 PM**
Place of Sale:    **ON THE FRONT STEPS TO THE ENTRANCE OF THE ORANGE CIVIC CENTER, 300 E. CHAPMAN, ORANGE, CA**

Estimated amount of unpaid balance and other charges: **$782,377.20**

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK DRAWN ON A STATE OR NATIONAL BANK, A CHECK DRAWN BY A STATE OR FEDERAL CREDIT UNION, OR A CHECK DRAWN BY A STATE OR FEDERAL SAVINGS AND LOAN ASSOCIATION, A SAVINGS ASSOCIATION OR SAVINGS BANK SPECIFIED IN SECTION 5102 OF THE FINANCIAL CODE AND AUTHORIZED TO DO BUSINESS IN THIS STATE:

All right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described as:

TS:2014-03959-CA

Street Address or other common designation of real property: **19431 Worchester Lane, Huntington Beach, CA 92646**
A.P.N.: **153-034-18**

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above.

The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is: **$782,377.20**.

**If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.**

The beneficiary of the Deed of Trust has executed and delivered to the undersigned a written request to commence foreclosure, and the undersigned caused a Notice of Default and Election to Sell to be recorded in the county where the real property is located.

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on this property.

**Note:** Because the Beneficiary reserves the right to bid less than the total debt owed, it is possible that at the time of the sale the opening bid may be less than the total debt

TS:2014-03959-CA

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call **(866)-960-8299** or visit this Internet Web site http://www.altisource.com/MortgageServices/DefaultManagement/TrusteeServices.aspx using the file number assigned to this case **2014-03959-CA**. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale

Date: April 13, 2015                     Western Progressive, LLC , as Trustee
                                         C/o 30 Corporate Park, Suite 450
                                         Irvine, CA 92606
                                         Automated Sale Information Line: (866) 960-8299
                                         http://www.altisource.com/MortgageServices/DefaultManagement/TrusteeServices.aspx

                                         For Non-Automated Sale Information, call: (866) 240-3530


                                         _____
                                         Tamika Y. Smith, Trustee Sale Assistant

        **THIS FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

TS:2014-03959-CA

# EXHIBIT "2"

| Attorney or Party Name, Address, Telephone & FAX Nos.:, State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **William G. Cort ~SBN: 50326**<br>**Law Office of William G. Cort**<br>**9040 Telegraph Rd., Suite 206**<br>**Downey, CA 90240**<br>**(562)923-6761 Fax: (562)869-1200**<br>**SBN: 50326**<br>**williamgcortdocuments@gmail.com** | |
| ☐ *Individual appearing without attorney*<br>☑ *Attorney for:* Debtor | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years:<br><br>**Jenny Lopez Quiroz**<br><br>   **AKA Jenny Lopez**<br><br><br>Debtor(s). | CASE NO.::<br><br>CHAPTER 13<br><br>**CHAPTER 13 PLAN**<br><br>**CREDITORS MEETING:**<br>**Date:**<br>**Time:**<br>**Place:**<br><br>**CONFIRMATION HEARING:**<br>**Date:**<br>**Time:**<br>**Place:** |

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the chapter 13 trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                               *Page 1*                               **F3015-1.01.CHAPTER13.PLAN**

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I.    **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

The Debtor submits the following to the supervision and control of the chapter 13 trustee:

A.    Payments by Debtor of **$1,594.00** per month for **60** months.  This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B.    The base plan amount is $ **95,640.00**  which is estimated to pay __100__ % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the chapter 13 trustee may increase the percentage to be paid to creditors accordingly.

C.    Amounts necessary for the payment of postpetition claims allowed under 11 U.S.C. § 1305.

D.    Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the chapter 13 trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The chapter 13 trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the chapter 13 trustee's account. The chapter 13 trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

E.    Other property:  (*specify property or indicate none*)
      **NONE**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                   Page 2                          F3015-1.01.CHAPTER13.PLAN

**II.    ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the Plan or by court order, the chapter 13 trustee shall disburse all available funds for the payment of claims as follows:

A.    ORDER OF PAYMENTS:

    1.    If there are Domestic Support Obligations, the order of priority shall be:

        (a)    Domestic Support Obligations and the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date;

        (b)    Administrative expenses (Class 1(a)) in an amount not exceeding __100__% of each Plan Payment until paid in full;

    2.    If there are no Domestic Support Obligations, the order of priority shall be the chapter 13 trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding __100__% of each Plan Payment until paid in full.

    3.    Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the chapter 13 trustee from the Plan Payment; such secured debt may be paid by the chapter 13 trustee commencing with the inception of Plan Payments.

    4.    Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

    5.    No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                   Page 3                          F3015-1.01.CHAPTER13.PLAN

B.    CLASSIFICATION AND TREATMENT OF CLAIMS:

| CLASS 1 | | | | | |
|---|---|---|---|---|---|
| **ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507** | | | | | |
| The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4). | | | | | |
| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| a.    Administrative Expenses | | | | | |
| (1)    Chapter 13 trustee's fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2)    Attorney's Fees | $3,691.00 | | $1,230.33 | Mos. 1-3 | $3,691.00 |
| (3)    Chapter 7 trustee's fees | | | | | |
| (4)    Other | | | | | |
| b.    Other Priority Claims | | | | | |
| (1)    Internal Revenue Service | | | | | |
| (2)    Franchise Tax Board | | | | | |
| (3)    Domestic Support Obligation | | | | | |
| (4)    Other | | | | | |
| c.    Domestic Support Obligations that are not to be paid in full in the Plan (specify creditor name) | | | | | |
| | | | | | |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 4    F3015-1.01.CHAPTER13.PLAN

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE

1. ☐    The postconfirmation monthly mortgage payment will be made by the chapter 13 trustee from the Plan Payment to:

2. ☑    The postconfirmation monthly mortgage payment will be made by the Debtor directly to:

Ocwen Loan Servicing _____    xxxxxx4582 _____
(name of creditor)                                      (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.**

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default | | | | |
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|
| Ocwen Loan Servicing | xxxxxx4582 | $80,170.36 | 0 | $1,406.50 | Mos. 4-60 | $80,170.36 |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last 4 Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                      Page 5                        F3015-1.01.CHAPTER13.PLAN

## CLASS 4

### OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1. ☐    The postconfirmation monthly payment pursuant to the promissory note will be made by the chapter 13 trustee from the Plan Payment to:

2. ☐    The postconfirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____          _____
(name of creditor)                              (last 4 digits of account number)

_____          _____
(name of creditor)                              (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.**

| Name of Creditor | Last 4 Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

## CLASS 5

### NON-PRIORITY UNSECURED CLAIMS

The Debtor estimates that non-priority unsecured claims total the sum of **$2,241.00**.

Class 5 claims will be paid as follows:

(Check one box only.)

☑    Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.
OR

☐    Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

## III.    COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ **90,591.00** which is estimated to pay **100** % of the scheduled nonpriority unsecured debt.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 6                          F3015-1.01.CHAPTER13.PLAN

## IV.    PLAN ANALYSIS

| | |
|---|---:|
| CLASS 1a | $3,691.00 |
| CLASS 1b | $0.00 |
| CLASS 1c | $0.00 |
| CLASS 2 | $80,170.36 |
| CLASS 3 | $0.00 |
| CLASS 4 | $0.00 |
| CLASS 5 | $2,241.00 |
| SUB-TOTAL | $86,102.36 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated  11% unless advised otherwise) | $9,477.60 |
| TOTAL PAYMENT | $95,640.00 |

## V.    OTHER PROVISIONS

A.    The Debtor rejects the following executory contracts and unexpired leases.

**Name of Other Party:**                    **Description of contract/lease:**
-NONE-

B.    The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):

**Name of Other Party:**                    **Description of contract/lease:**
**Coastline Realty**                        **Debtor and husband are Leasee**
                                            **Restaurant lease**
                                            **Month to month tenancy**
                                            **Monthly rent $2,000.00**

**Name of Other Party:**                    **Description of contract/lease:**
**Kia Motors Finance**                      **Debtor's husband is the leasee**
                                            **Husband leases 2014 Kia Optima**
                                            **Monthly payment $587.00**
                                            **Lease expires in year 2017**

C.    In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:

**Creditor Name:**                          **Monthly Payment:**
-NONE-

D.    The Debtor hereby surrenders the following personal or real property. (*identify property and creditor to which it is surrendered*):

**Creditor Name:**                          **Description:**
-NONE-

E.    The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F.    Miscellaneous provisions: (*use attachment, if necessary*):

G.    The chapter 13 trustee is authorized to disburse funds after the date confirmation is announced in open court.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 7                    **F3015-1.01.CHAPTER13.PLAN**

H.  The Debtor will pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities as they
come due.

I.  The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became
payable after the date of the filing of the petition.

## VI.    REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is
dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence
when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the
event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the
estate shall vest in accordance with applicable law. After confirmation of the Plan, the chapter 13 trustee shall
have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to
respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or
dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Date:    __2/10/2016__          /s/ William G. Cort
_____    _____
                                William G. Cort ~SBN: 50326
                                SBN: 50326
                                Attorney for Debtor


                                /s/ Jenny Lopez Quiroz
                                _____
                                Jenny Lopez Quiroz
                                Debtor

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                    Page 8                    F3015-1.01.CHAPTER13.PLAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**9040 Telegraph Rd., Suite 206
Downey, CA 90240**

A true and correct copy of the foregoing document entitled (*specify*): __**Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate**__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **2/12/2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
**Chapter 13 Trustee Amrane Cohen efile@ch13ac.com; and
Office Of The U.S. Trustee ustpregion16.sa.ecf@usdoj.gov**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **2/12/2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
**Judge Mark Wallace
United Stated Bankruptcy Court
Central District of CA
411 W. Fourth Street, # 6135
Santa Ana, CA 92701**

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 12, 2016 | Judith Valenzuela | /s/ Judith Valenzuela |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**Section II:**

**Secured**
Ocwen Loan Servicing
Attn: Ronald M. Faris, President and CEO
1661 Worthington Rd Ste 100
West Palm Beach, FL 33409
U.S. Certified Mailing Tracking no.: 7015 0640 0006 8224 2739

California Business Bureau
Agent for Service of Process
Michael J. Sigal
1711 S. Mountain Avenue
Monrovia, CA 91017
U.S. Certified Mailing Tracking no.: 7015 0640 0006 8224 2746

Progressive Management Systems
Juan Medina-Vargas, Vice President
1521 West Cameron Avenue
1st FL
West Covina, CA 91790
U.S. Certified Tracking no.: 7015 0640 0006 8224 2753

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 11                    **F 4001-1.IMPOSE.STAY.MOTION**